1   Glenn Guenard No. 129453
    Ross Bozarth No. 179171
2   Galen T. Shimoda No. 226752
    Guenard & Bozarth, LLP
3   1810 S Street
    Sacramento, CA 95814
4   Telephone: (916) 447-7177
    Facsimile: (916) 447-7176
5
6   Attorneys for Plaintiff, Linda Parker
7   SEYFARTH SHAW LLP
    Samuel T. McAdam (State Bar No. 186084)
    Joel M. Van Parys (State Bar No. 227387)
8   400 Capitol Mall Suite 2350
    Sacramento, California 95814-4428
9   Telephone: (916) 448-0159
    Facsimile: (916) 558-4839
10
11  Attorneys for Defendants
    NEW YORK LIFE INSURANCE COMPANY and
    SUSAN JACKSON
12

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PARKER, | **Case No. 2:05-cv-1720 MCE/PAN** |
| Plaintiff, | |
| vs. | **JOINT STIPULATION TO EXTEND DISCOVERY FOR LIMITED PURPOSES AND ORDER THEREON** |
| NEW YORK LIFE INSURANCE, a Delaware corporation; SUSAN JACKSON, individually; and DOES 1 to 100, inclusive, | |
| Defendants. | |

INTRODUCTION

Plaintiff Linda Parker and Defendants New York Life Insurance and Susan Jackson hereby request that the Court extend the discovery deadline until January 15, 2007 for the limited purposes explained below in accordance with the parties' stipulation.

The Court's pretrial scheduling order states that all discovery shall be completed by November 15, 2006.

SC1 17075686.2

PDF created with pdfFactory trial version www.pdffactory.com

1       The parties have almost completed written discovery and have taken the

2   depositions of the natural parties in this case.  Plaintiff plans to depose the following

3   people: Gary Lamons, LaDonna Carr, Mike Scovel, and Ray Johnson.  Defendants plan

4   to depose Gary Parker and conduct an independent physical and mental examination of

5   Plaintiff pursuant to FRCP 35.  In an effort to resolve this matter the parties have engaged

6   the services of Joe Ramsey, a professional mediator with significant experience in

7   employment law cases.  Due to the parties' conflicting schedules the mediation is

8   scheduled for November 29, 2006.  The parties believe the mediation presents a

9   significant opportunity to resolve this matter and that conducting additional discovery

10  prior to the mediation would not be an efficient use of their resources.  The parties have

11  not requested any previous extension of time.

12      For these reasons the parties request that the Court extend the discovery deadline

13  to January 15, 2007 for the limited purposes referenced above in accordance with the

14  stipulation between the parties.

15      This request for an extension of time and attached stipulation are made pursuant

16  to Local Rule 6-144 and 83-143.

17  STIPULATION

18      WHEREAS, the parties desiring to first attempt a good faith resolution of all

19  claims and charges, agree to keep the following discovery open for the limited purposes

20  described herein until January 15, 2007:

21      1.   Plaintiff reserves her right to take the deposition of the following individuals:

22  •     Ray Johnson

23  •     LaDonna Carr

24  •     Gary Lamons

25  •     Mike Scovel

26

27

28

SC1 17075686.2

PDF created with pdfFactory trial version www.pdffactory.com

2.   Defendants reserve their rights to take the deposition of Gary Parker and have Plaintiff submit to an independent **medical** examination ("physical examination") and an independent **mental** examination ("mental examination.")

3.   At a future date, Defendants shall appoint two examiners to conduct the mental and physical exam.  The defense mental examinations are official court proceedings expected to start on time on the day and time agreed to.  Plaintiff will wait a maximum of fifteen minutes for the timely commencement of the proceeding.  After this time, if the appointed examiner has not appeared for, or is not prepared to proceed with the examination, counsel for the parties shall meet and confer regarding re-scheduling the examination at a mutually convenient time.

4.   No later than **five days** from the scheduled dates of the physical and mental examinations, Defendants shall provide to Plaintiff a summary of the tests and procedures that Plaintiff can expect to undergo during the examinations.

5.   Plaintiff shall not be required to fill out any patient information forms of any type whatsoever, including, but not limited to "new patient" forms, insurance forms, identification forms, authorizations for records, arbitration forms, waivers and releases and will not be asked to do so by the defense medical professional or his/her staff.

6.   The defense medical professional's office will not take any photographs, finger prints or other identification information from the Plaintiff, including, but not limited to driver's license, Social Security number and home address.

7.   Plaintiff's attorney may be present at the physical examination.  However, Plaintiff's attorney shall not attend the mental examination unless ordered by the Court.

8.   The examination may only be conducted by the persons appointed by the Defendants.  The examination will proceed on the following terms:

9.   The mental examination shall not last longer than 8 hours.  There is no time limit on the physical examination.  Said examinations shall not delve into the following areas:

SC1 17075686.2

PDF created with pdfFactory trial version www.pdffactory.com

1    (a)  Plaintiff must not be questioned concerning her sexual history or sexual

2    relationships with individuals.  Defendants may not inquire as to what age Plaintiff

3    became sexually active and whether she sustained any prior sexual trauma, such as rape

4    and sexual assault.  Defendants may not inquire into any sexual history, including

5    regarding past employers who subjected Plaintiff to either sexual abuse or sexual

6    harassment.  Plaintiff may only be questioned about her sexual relationships with her

7    spouse generally if the questioning is relevant to the claims made in her Complaint (*e.g.*,

8    depression, stress, and anxiety).

9    (b) For the purpose of further defining the limitation on inquiry into sexual

10   relationships and history, defendants are ordered not to inquire into the following areas,

11   other than as they may pertain to alleged perpetrators: romantic relationships or history,

12   dating relationships or history, length, duration, number, frequency, quality and/or nature

13   of sexual, romantic, or dating relationships, or Plaintiff's sexual orientation.  Plaintiff

14   may, however, be questioned concerning friendships, as long as the questioning

15   concerning friendships is not framed or directed so as to elicit information in the areas

16   listed above.

17   (c)  Plaintiff is not to be questioned concerning her reproductive history,

18   including, but not limited to the following areas:  pregnancy, use of birth control,

19   abortion, miscarriage, treatment for sexually transmitted diseases and gynecological

20   conditions.

21   (d)  Defendants' medical examiners are permitted to inquire concerning the

22   general health of family members and the existence of medical or mental conditions and

23   whether treatment was received; however, Plaintiff is not to be questioned regarding the

24   specifics of any treatment, names of treating examiners and details of the medical or

25   mental conditions as the rights of privacy of third parties are in issue.

26   (e)  Plaintiff and Defendant will meet and confer regarding a limitation, if any, on

27   questions regarding the past psychological treatment of Plaintiff.

28

SC1 17075686.2

1   (f)  Plaintiff is not to be questioned concerning her conversations with her

2   counsel, Galen T. Shimoda, or any person affiliated with her counsel or her counsel's

3   office, including but not limited to Guenard & Bozarth LLP.

4   (g) Plaintiff is not to be questioned concerning her counsel's evaluation of her

5   claims against any of the Defendants, nor is Plaintiff to be questioned about any

6   discussions Plaintiff has had with her counsel regarding such evaluations, as that is

7   invasive of the attorney-client and attorney work product privileges.

8   (h) Plaintiff is not to be questioned regarding any history of drug or alcohol abuse

9   prior to August 6, 1998.

10   10. The examiner performing the mental examination shall administer to Plaintiff

11   various tests; however, the overall time that Plaintiff shall be subjected to testing shall be

12   **eight hours**.  At the conclusion of the psychological testing of Plaintiff, a copy of the raw

13   data generated regarding Plaintiff shall be forwarded to Plaintiff's counsel, Galen T.

14   Shimoda, Guenard & Bozarth LLP, 1810 S Street, Sacramento, CA 95814 within five

15   business days.

16   11.  Plaintiff shall be entitled to take reasonable breaks during the examination

17   process, including, but not limited to taking a lunch break, rest breaks and bathroom

18   breaks.  If at any time during the proceedings, Plaintiff feels in reasonable good faith that

19   the proceeding has become abusive, she will immediately notify her counsel or other

20   designated representative in order to try to resolve the matter at that time.  Plaintiff has

21   the right to terminate the proceeding and seek a protective order from the Court.  If the

22   parties are unable to resolve the issue, should the Court order that the examination be

23   reconvened, Defendants will have the full remaining time to complete the examination

24   originally ordered by the Court, but not any additional time.

25   12.  Plaintiff will be allowed to make an audio recording of the examination.  A

26   copy may be made available to Defendants at their cost.  The defense medical

27   professionals and their staff will accommodate all reasonable requests to accomplish this

28

SC1 17075686.2

PDF created with pdfFactory trial version www.pdffactory.com

recording, including, but not limited to taking any necessary breaks during the examination; taking a break if technical difficulties arise; making available an electrical outlet and all other reasonable accommodations to allow the effective recording of the defense mental examination.

13. Defendants are to immediately transmit a copy of this Stipulation to the examiners conducting the physical and mental examinations to promptly advise them that they must comply with the limitations imposed by this Stipulation.

14. Defendants shall produce to Plaintiff's counsel the written reports of the mental and physical examinations within **15 days** of the examination of Plaintiff and in keeping with Federal Rules of Civil Procedure Rule 35, which requires that a "detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition" be provided to the requesting party.

14. The tests taken by Plaintiff as part of the medical and mental examinations,, along with any notes and/or written reports and/or records maintained in any format, including electronic data, by the examiners are confidential medical records relating to Plaintiff's health. These records are confidential and shall not be subject to distribution without the written authorization of the Plaintiff to anyone except for counsel for Defendants, who shall treat these documents as confidential and subject to a protective order. Said records may be used by defense counsel in preparation for trial, in trial and in other proceedings in this matter, but for no other purpose. Defense counsel may not give these records to anyone except members of their respective law firms to the degree necessary to prepare copies or exhibits. These records may not be used as exhibits to documents filed with the court except if labeled "confidential." These records are not to be disseminated to any of the defendants. At the conclusion of the litigation in this matter, whether by way of settlement or final judgment, counsel for Defendants shall destroy all copies of Plaintiff's mental health records in their possession, custody and

PDF created with pdfFactory trial version www.pdffactory.com

1  control and provide Plaintiff's counsel with a certificate of destruction within 30 days of

2  the conclusion of the litigation.

3  Dated:  October 13, 2006                    Guenard & Bozarth, LLP

4

5                                              By:   s/Galen Shimoda
                                                    Galen Shimoda, Esq.
6                                                   Attorneys for Linda Parker

7

8  Dated:  October 13, 2006                    Seyfarth Shaw, LLP

9

10

11                                             By:  s/Joel Van Parys
                                                    Joel M. Van Parys
12                                                  Attorneys for Linda Parker

13

14 IT IS SO ORDERED.

15 DATED:  October 16, 2006

16                                             _____
                                               MORRISON C. ENGLAND, JR.
17                                             UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

SC1 17075686.2